**Electronically Filed
Intermediate Court of Appeals
29953
27-MAY-2011
08:42 AM**

NOS. 29953 AND 29954

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CR. NO. 5P104-00072 (LC04-072)
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
STEVEN SCHAEFER, Defendant-Appellant.

CR. NO. 5P104-00169 (LC04-169)
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.

APRIL ESTHER SCHAEFER, aka APRIL ESTHER PAIVA,
Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise, J.;
with Ginoza, J., concurring separately)

In these consolidated appeals, Defendants-Appellants
Steven Schaefer (Steven) and April Esther Schaefer (April), also
known as April Esther Paiva, (collectively, Appellants), appeal
from Judgments entered on June 18, 2009, by the District Court of
the Fifth Circuit (District Court).[1]   The Judgments were
entered upon remand from a prior decision of this court in
State v. Schaefer, 117 Hawaiʻi 490, 184 P.3d 805 (App. 2008)
(Schaefer I).  On appeal, Appellants argue that the District
Court erred in: (1) finding that Plaintiff-Appellee State of

_____

[1] The Honorable Laurel K.S. Loo presided over the proceedings relevant
to this appeal.

Hawai'i (State) did not materially breach their plea agreements by opposing the preparation of a "full standard" presentence investigation report (PSI); and (2) failing to permit Appellants to withdraw their no contest pleas as a remedy for the State's material breach of the plea agreements. We affirm the District Court's Judgments.

I.

Appellants were each charged with seventeen counts of Theft in the Third Degree, two counts of False and Fraudulent Statements, and two counts of Willful Failure to File Return. Appellants entered into plea agreements with the State, in which Appellants each agreed to plead no-contest to seventeen counts of Theft in the Third Degree, one count of False and Fraudulent Statements, and one count of Willful Failure to File Return. In Schaefer I, we described the plea agreements as follows:

> [Appellants] each executed a written change-of-plea form to which was appended an addendum. Steven's addendum stated, in relevant part:
>
> > I have entered into the following agreement with the government: in exchange for my pleas of No-Contest to the above listed counts: I stipulate that I will be jointly and severally liable for restitution in the amount of $31,202.00 to complainants, as well as $2674.57 to the State in reference to Count Five, and that I will sign a promissory note to this effect. I also agree to pay restitution in addition to this if proper documentation is provided prior to sentencing. The State agrees to exercise due diligence in obtaining this documentation and agrees that it must provide proof prior to sentencing or else be barred from requesting such documentation, unless there is a good faith basis as to why it is unable to provide said documentation by such time. I agree that a [PSI] will be completed prior to sentencing.[2/] The State acknowledges that I will be asking the court for a deferred acceptance of my no-contest pleas (DANC), and the State is free to object to my motion. The State agrees not to seek any further criminal charges against me involving the complainants in these cases. There are no other agreements as to sentencing.
>
> (Emphasis added.) April's addendum was identical, except that: (1) it did not include the sentence immediately

---

[2/] The addendum to Steve's plea agreements stated: "I agree that a presentence investigative report (PSI) will be completed prior to sentencing." In Schaefer I, we substituted "[PSI]" for "presentence investigative report (PSI)" in the block-quoted material.

> following the underscored sentence regarding deferral of the
> no-contest plea; and (2) in the sixth line, reference is to
> Count Four instead of Count Five.

Schaefer I, 117 Hawai'i at 492, 184 P.3d at 807.

The District Court accepted the no-contest pleas, ordered PSIs for both Appellants, and continued sentencing until July 2, 2004. Id. On or about June 29, 2004, Senior Probation Officer Lynn A. Garcia submitted reports for Steven and April entitled "Partial Presentence Report" (Partial PSI) to the District Court. Id. at 493, 184 P.3d at 808. The Partial PSIs, which each exceeded 200 pages, were apparently sent to Appellants sometime in July 2004. Id. Appellants requested a continuance of the sentencing hearing until August 13, 2004, to review their PSIs, and further continuances were granted pursuant to stipulations between the parties. Id.

Appellants did not challenge the scope or adequacy of the Partial PSIs until the sentencing hearing held on October 1, 2004. Id. At that time, Appellants moved the District Court "to order the preparation of a full pre-sentence investigation report" (full PSI). Id. The District Court denied Appellants' request,

> noting that Appellants had been given ample opportunity to
> review the Partial PSIs but did not object to their content
> or scope until the sentencing hearing. The district court
> also observed that Appellants, through their counsels, had
> "the opportunity to compile any and all documentation they
> wish[ed] for presentation to the Court for consideration at
> the time of sentencing" and could make arguments as to any
> of the probation factors set forth in HRS § 706-621.

Id. at 495, 184 P.3d at 810 (brackets in original).

On appeal in Schaefer I, Appellants argued, among other things, that the District Court "[v]iolated their procedural due-process rights under HRS § 706-604 (1993) by denying their oral motion for preparation of a full PSI" and erroneously failed to obtain a valid waiver of their right to pre-sentence allocution. Id. at 496, 184 P.3d at 811 (footnote omitted). We agreed that the District Court had failed to obtain a valid waiver from Appellants of their right to allocution, and we remanded their

3

cases for resentencing before a different judge as a remedy for that error. With respect to Appellants' claim concerning the adequacy of the Partial PSIs, we concluded as follows:

> It is not clear from the docketed record on appeal what Appellants and the State expected when they agreed that a PSI would be completed prior to sentencing. It is also not clear whether the district court agreed to be bound by the plea agreements, whether the district court ordered a "full PSI" at the time it accepted Appellants' no-contest pleas, and if so, what the district court expected to be included in the "full PSI." When Appellants complained about the Partial PSIs at sentencing, the district court denied their requests for a "full PSI" without determining the scope of the parties' plea agreements and whether the Partial PSIs were a material breach of the plea agreements. On remand, the district court shall make this determination.

> If the resentencing judge determines that the Partial PSIs materially breached the parties' plea agreements, the resentencing judge shall either (1) allow Appellants to withdraw their no-contest pleas, or (2) order the Partial PSIs to be amended or supplemented to satisfy the parties' plea agreements. See State v. Abbott, 79 Hawai‘i 317, 321, 901 P.2d 1296, 1300 (App. 1995). If alternative 2 applies, the district court shall duly consider the Partial PSIs, as supplemented, in resentencing Steven and April.

Id. at 500-01, 184 P.3d at 815-16 (emphasis added).

II.

On remand, the State filed a "Motion for Order Directing Supplementation of PSI & Setting Sentencing Hearing" with respect to each Appellant (State's Motion on Remand), in which the State requested that the District Court order full PSIs for Appellants in light of this court's decision in Schaefer I and the ambiguity in the plea agreements. The State also asserted that if the Partial PSIs were a material breach of the plea agreements, the appropriate remedy was to resentence Appellants rather than allow them to withdraw their pleas. Appellants submitted a joint memorandum in opposition to the State's Motions on Remand, arguing that the State violated the plea agreements and that Appellants should be allowed to withdraw their pleas.

On March 24, 2009, the District Court entered orders that (1) found that the State did not materially breach its plea agreements with Appellants by opposing Appellants' requests for a

4

full PSI, (2) denied Appellants' requests to withdraw their no contest pleas, but nevertheless, (3) directed that a "new, full PSI" be prepared prior to resentencing for each Appellant by a probation officer different than the one who prepared the original Partial PSIs. The District Court's orders[3] provided in pertinent part as follows:

> THIS COURT HEREBY FINDS THAT the parties did not actually contemplate, at the time [Appellants] entered [their] No Contest pleas on March 19, 2004, whether . . . full or partial PSI[s] would be prepared prior to sentencing; and the State did not materially breach the plea agreement[s] with [Appellants], or otherwise act in bad faith, by opposing [Appellants'] October 1, 2004 oral motion to supplement the June 30, 2004 Partial Presentence Report[s], given that [Appellants] did not move prior to the October 1, 2004 sentencing hearing to supplement the Partial PSI[s].
>
> THEREFORE, THIS COURT HEREBY ORDERS THAT:
>
> 1.     Given that the State did not materially breach the plea agreement[s] with [Appellants] and did not act in bad faith, [Appellants'] request to withdraw [their] No Contest pleas entered on March 19, 2004, is HEREBY DENIED.
>
> 2.     Nevertheless, in order to make [Appellants] whole, and give [Appellants] what [they] requested on October 1, 2004, . . . new, full PSI[s] will be prepared prior to resentencing. The PSI[s] will be completed by a Probation Officer of the Fifth Circuit Court other than Lynn Garcia, the Probation Officer who prepared the June 30, 2004 Partial PSI[s] . . . .

(Emphases in original.)

On June 18, 2009, the District Court held a joint sentencing hearing for both Appellants. The record reflects that a new PSI was prepared for each Appellant and considered by the District Court in imposing sentence. Appellants did not object to the scope or completeness of the new PSIs. The District Court sentenced Appellants to concurrent terms of one year of incarceration for each count of conviction and ordered them to jointly and severally pay restitution in the amount of $33,876.57 as well as crime victim compensation fees.

_____

[3] The District Court entered a separate, but substantively identical, order for Steven and April. We have edited the order to refer to both Appellants.

On June 18, 2009, the District Court entered Judgments against Appellants, with a separate Judgment entered against Appellants for each count of conviction. Appellants appeal from those Judgments.

### III.

On appeal, Appellants argue that the District Court erred "by finding that the prosecutor's objection to a 'full standard' pre-sentence investigation report did not constitute a material breach of the parties' plea agreement." Appellants also argue that the District Court erred in resentencing them after ordering new, full PSIs because the appropriate remedy for the State's material breach of the plea agreements was to permit Appellants to withdraw their pleas. We reject Appellants' arguments.

### A.

The District Court did not err in finding that the State did not materially breach the parties' plea agreements by objecting to the preparation of full PSIs for Appellants at the original sentencing hearing. This finding was based in part on the District Court's subsidiary finding that the parties did not actually contemplate, at the time Appellants entered their no contest pleas, whether full or partial PSIs would be prepared. We conclude that there was substantial evidence to support these findings and that the findings were not clearly erroneous.

The plea agreements were silent as to the type of PSIs the Appellants agreed would be prepared -- whether the PSIs would be partial or full. No PSI was statutorily required for the offenses to which Appellants pleaded no contest. Shaefer I, 117 Hawai'i at 499, 184 P.3d at 814. Appellants received their Partial PSIs, which were entitled "Partial Presentence Report," in July 2004. However, they did not move to supplement the Partial PSIs until the sentencing hearing on October 1, 2004, even though several continuances had been granted and Appellants had requested the initial continuance so they could review the Partial PSIs. The record supports a determination that the

6

preparation of full PSIs was not a material term of the parties' plea agreements. We cannot say that the District Court erred in finding that the State did not materially breach the plea agreements.

B.

Despite ruling that the State did not materially breach the plea agreements, the District Court ordered the preparation of new, full PSIs by a different probation officer than the one who had prepared the original Partial PSIs, prior to resentencing. Appellants do not challenge the adequacy or completeness of the new PSIs that were prepared prior to their resentencing. We reject Appellants' argument that the District Court erred in denying their requests to withdraw their pleas. Even assuming, *arguendo*, that the District Court erred in finding that the State had not materially breached the plea agreements, we conclude that the District Court did not err in ordering the preparation of new, full PSIs prior to resentencing Appellants, rather than permitting Appellants to withdraw their pleas.

In <u>Schaefer I</u>, we held that if the District Court determined on remand that the Partial PSIs materially breached parties' plea agreements, the District Court "shall either (1) allow Appellants to withdraw their no-contest pleas, or (2) order the Partial PSIs to be amended or supplemented to satisfy the parties' plea agreements." <u>Id.</u> at 501, 184 P.3d at 816. Therefore, the actions taken by the District Court were consistent with one of the specific options we held was available if the District Court determined that the State had materially breached the plea agreements.

A trial court's ruling on a motion for withdrawal of a plea is reviewed for abuse of discretion. <u>State v. Adams</u>, 76 Hawaiʻi 408, 411, 879 P.2d 513, 516 (1994). When the State breaches a plea agreement, either resentencing or withdrawal of a plea may be the appropriate remedy. <u>Id.</u> at 414, 879 P.2d at 519.

7

Although considerable weight should be given to the defendant's choice,

> [o]ther factors to be considered include the timeliness of the motion, the extent of the breach, the prejudice to the parties, and which alternative will best serve the effective administration of justice. Moreover, either alternative may be unsuitable due to new information or changed circumstances since the defendant entered into the plea agreement.

Id. at 414-15, 879 P.2d at 519-20.

Here, the District Court cured any breach of the plea agreements by ordering that new, full PSIs be prepared before sentencing and that the new PSIs be prepared by a different probation officer than had prepared the original Partial PSIs. Appellants were resentenced by a different judge than had presided over the original sentencing. In addition, the record reflects that Appellants did not move to withdraw their pleas until the case was remanded and that the State cited a newspaper article indicating that a key witness for the State had died. Under these circumstances, we conclude that even if the State had materially breached the plea agreement, the District Court did not err in denying their requests to withdraw their pleas.

IV.

We affirm all the Judgments entered by the District Court on June 18, 2009, regarding Appellants' counts of conviction.

DATED: Honolulu, Hawai'i, May 27, 2011.

On the briefs:

Hayden Aluli
for Defendant-Appellant
Steven Schaefer

Mimi Desjardins
for Defendant-Appellant
April Esther Schaefer, aka
April Esther Paiva

Tracy Murakami
Deputy Prosecuting Attorney
County of Kaua'i
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

8

CONCURRING OPINION OF GINOZA, J.

The District Court found that the parties did not actually contemplate whether full or partial presentence investigation reports (PSIs) would be done at the time the Appellants entered their no contest pleas. Hence, the provisions in the plea agreements that PSIs would be completed are ambiguous and should be construed in favor of Appellants. State v. Abbott, 79 Hawaiʻi 317, 320, 901 P.2d 1296, 1299 (App. 1995).

Nonetheless, I agree with the majority that even if the plea agreements were breached, Appellants were afforded the appropriate remedy under the circumstances of this case. State v. Adams, 76 Hawaiʻi 408, 414-15, 879 P.2d 513, 519-20 (1994). Appellants were ultimately given the relief they had initially sought in that full PSIs were prepared and considered in resentencing them, and that relief is consistent with this court's decision in the first appeal. State v. Schaefer, 117 Hawaiʻi 490, 501, 184 P.3d 805, 816 (App. 2008).

I therefore concur in the result reached by the majority, which is to affirm the Judgments entered by the District Court.